UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA, | ) ) ) ) | 3:25-cv-03021-ECS |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| MARTY JACKLEY, in his official capacity as ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA, | ) ) ) ) ) | MOTION TO STAY DEADLINE FOR RESPONSIVE PLEADINGS |
| and | ) ) | |
| LARRY D. DEITER, in his official capacity as DIRECTOR OF THE SOUTH DAKOTA DIVISION OF INSURANCE, | ) ) ) ) ) | |
| Defendants. | ) | |

COMES NOW, the above-named Defendants, Attorney General Marty Jackley (hereinafter "Jackley" or "Attorney General") and Director of the South Dakota Division of Insurance, Larry Deiter (hereinafter "Deiter" or "Director"), and file this Notice of Consolidation in the above-captioned case, and hereby move this Court, pursuant to Rule 6(b)(1)(A), Fed. R. Civ. P., to stay Defendants' statutory deadline to file an Answer or other responsive pleading to Plaintiff's Complaint pending resolution of Defendants' Motion for Consolidation. Doc. 42.

Pursuant to Rule 12(a)(1)(A)(i), a responsive pleading must be filed "within 21 days after being served with the summons and complaint…"

1

Meanwhile, Rule 6(b)(1)(A) provides that "the Court may, for good cause, extend the time . . . if a request is made, before the original time or its extension expires..." The deadline for Plaintiff's responsive pleading has not expired and "good cause" exists for an extension of Defendant's responsive pleading deadline in this matter.

Defendants were served with Plaintiff's summons and complaint on August 27, 2025. Under Rule 12(a)(1)(A)(i), Defendants' responsive pleading is due September 17, 2025. The deadline for Defendants to file a responsive pleading has not expired at the time of this filing.

In addition, Defendants filed a Motion to Consolidate this case with two other cases: 1) *Abbvie et. al., v. Jackley, et. al.*, 3:25-cv-03006-RAL, and 2) *AstraZeneca Pharmaceuticals LP v. Jackley, et. al.*, 4:25-cv-4156-KES. Doc. 2. As required by Rule 42, Defendants sough to consolidate these three cases to avoid unnecessary repetition, confusion, cost, and delay. *See Linton v. Angie's Inc.*, 288 F.R.D. 432, 434 (D.S.D. 2012), *aff'd sub nom. Heil v. Belle Starr Saloon & Casino, Inc.*, No. CIV. 09-5074-JLV, 2013 WL 943754 (D.S.D. Mar. 11, 2013). Rule 42's purpose would be obfuscated by requiring Defendants to respond to two separate complaints alleging similar issues while a consolidation motion is pending.

The District Court of West Virginia recognized the efficiency of extending a responsive pleading deadline until a consolidation motion had been resolved. *Bowman v. Kovslek*, No. 1:10CV106, 2010 WL 11530367, at *3 (N.D.W. Va. Nov. 17, 2010). In *Bowman,* the defendants anticipated asserting "similar, if

not identical defenses to the claims asserted..." in multiple cases.  *Id.* at *1.  The Court determined that consolidated responses were in the best interests of the parties and judicial economy.  *Id.*  Similarly, Defendants assert that their defenses in each of these cases will be similar, and the responses to the preemption claims will likely be almost identical.  Further, Rule 42 is designed to avoid unnecessary repetition, confusion, and cost; but multiple responses to similar claims in cases that could end up consolidated circumvents each of these goals.  The duplicative responses will be repetitive, and they will breed confusion and additional costs.  Finally, Plaintiffs will suffer no prejudice from the sought delay as all parties away the same ruling on the consolidation motion.

    As such, Defendants respectfully request that this Court stay Defendants' filing deadline for their responsive pleading in this matter pursuant to Rule 12(a)(1)(A)(i) pending a decision by this Court on Defendant's pending Motion for Consolidation.  Doc. 42.  In the event that the present motion or the consolidation motion is denied, Defendants would ask that they be allowed a reasonable amount of time thereafter in which to file a responsive pleading herein.

    Dated this 16th day of September, 2025.

                                        /s/ *Grant M. Flynn*
                                        Grant M. Flynn
                                        Assistant Attorney General
                                        1302 E. Highway 14, Suite #1
                                        Pierre, South Dakota 57501
                                        Telephone: (605) 773-3215
                                        Email: grant.flynn@state.sd.us